HINMAN *vs.* SCHOOL DISTRICT NUMBER ONE OF BATTLE CREEK, EMMETT, AND BEDFORD.

The Director of a School District is not legally entitled to any compensation from the district for his legal services.

*Semble*, That a School District has no power to levy a tax for the purpose of paying its Director for his services.

Question reserved from Calhoun Circuit.

*D. D. Hughes*, for plaintiff.

*J. Van Arman*, for defendant.

This was an action of assumpsit, originally brought by the plaintiff before a Justice of the Peace, to recover compensation for services rendered by him officially, for said School District, as Director thereof. After trial and judgment before the Justice, the cause was brought by appeal into the Circuit Court for the County of Calhoun, and again tried before the Court without a jury. The case, on being submitted, was reserved by the Judge for the opinion of the Supreme Court, on the following legal question, viz.: Is a Director of a School District legally entitled to compensation for his official services?

*D. D. Hughes*, for plaintiff.

*J. Van Arman*, for defendant.

By the Court, PRATT, P. J.

The officers of a Primary School District in this State consist of a Moderator, Director, and Assessor. These are offices which have been created by statute, and to which the statute has attached certain limited powers, and particular specified duties. The official incumbents of these offices, therefore, have neither Common Law power, nor rights, but are strictly confined to such as are conferred upon them by statute; and as no compensation for their official services has been provided, or in any manner authorized by statute, none can be legally claimed or recovered.

The statute creating these offices expressly provides, that every person duly elected to either, who shall neglect or refuse, without sufficient cause, to accept the same and serve therein, or who having accepted and entered upon the duties thereof, shall neglect or refuse to perform any duty required of him by virtue of the office, shall forfeit the sum of ten dollars. (*R. S.*, 234, *Sec.* 130.)

This provision, when considered in connection with the limited and specified powers of School Districts, renders it

clear that the Legislature intended to impose the performance of these official duties on those elected to the offices without any compensation, although the duties of a Director in some of the Union Districts which have been organized in this State are undoubtedly often onerous, and it may, perhaps, be considered unjust, to compel, under a penal law, the performance of them, without compensation. But a School District has no power to levy a tax except for those purposes specified by statute, and no tax for the purpose of paying the Director, or any other officer of the district, for official services, is specified or by any rational construction of the provisions of the statute authorized; hence, no such tax can be legally imposed upon the inhabitants of the district.

Let it be certified to the Circuit Court for the County of Calhoun, as the opinion of this Court, that the plaintiff has no cause of action against the district for official services as Director thereof, and, therefore, cannot legally recover.

Present, all the Judges.